**UNITED STATES of America,**
**Plaintiff–Appellee**

v.

**Stephen MCCORD, Defendant–**
**Appellant.**

**No. 08–51263**
**Summary Calendar.**

United States Court of Appeals,
Fifth Circuit.

Jan. 6, 2010.

Joseph H. Gay, Jr., Assistant U.S. Attorney, U.S. Attorney's Office, San Antonio, TX, for Plaintiff–Appellee.

Kerrisa Joy Chelkowski, Law Offices of Kerrisa Chelkowski, San Antonio, TX, for Defendant–Appellant.

522

Before REAVLEY, JOLLY, and OWEN, Circuit Judges.

PER CURIAM: *

Stephen McCord appeals following his conditional guilty-plea conviction of possession of firearms by a convicted felon. McCord argues that the district court erred by denying his motion to suppress. In particular, he contends that the search of his residence was not authorized as a condition of his probation because this condition was unconstitutional and he did not voluntarily agree to it. Additionally, he asserts that the search was not supported by reasonable suspicion.

At the time the search was conducted, there was recent evidence from a confidential informant, who had previously provided reliable information, that McCord was manufacturing methamphetamine at his residence, and McCord himself admitted that he was cooking methamphetamine. Because we find under the totality of the circumstances that reasonable suspicion existed to support the search of McCord's residence, we need not reach the issue of the validity of the probationary condition allowing suspicionless searches. *See United States v. Knights,* 534 U.S. 112, 118–21, 122 S.Ct. 587, 151 L.Ed.2d 497 (2001); *United States v. Martinez,* 486 F.3d 855, 859 (5th Cir.2007); *United States v. Boruff,* 909 F.2d 111, 117 (5th Cir.1990).

AFFIRMED.

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.